

# U.S. Department of Justice

*United States Attorney*
*District of New Mexico*

| | |
|---|---|
| P.O. Box 607 | Phone: (505) 346-7274 |
| Albuquerque, NM 87103 | Fax: (505) 346-7296 |

September 9, 2022

Via Email Only

Melanie L. Ben, Esq.
Curtis & Co. Law Firm
215 Central Avenue NW, Third Floor
Albuquerque, New Mexico 87102

    Re:    *The Estate of Nena Charley, et al v. Gallup Indian Medical Center, et al.*
           Cause No. 1:22-cv-00033-JB-JFR (D.N.M.)
           **Response to Plaintiffs' Rule 37 Letter**

Dear Counsel:

I write in response to Plaintiffs' September 1, 2022 Rule 37 letter requesting supplementation of the United States of America's Answers and Responses to Plaintiffs' First Set of Interrogatories and Requests for Production, and respond to each of the concerns raised in Plaintiffs' letter as set forth below.

    **A.**    **Interrogatory No. 1**

The United States responded to Interrogatory No. 1 by stating that it does have a credentialing file for Dr. Leach but does not have a personnel or employment file for him. As requested, the United States identified with particularity every document in Dr. Leach's credentialing file, as set forth in the privilege log. The United States has therefore fully answered this interrogatory and will not supplement its answer.

Plaintiffs' assertions about the United States withholding documents is misplaced, as no documents are required to be produced in response to an interrogatory. *See Adams Cnty. Water Ass'n, Inc. v. City of Natchez*, No. 5:10CV199-DCB-RHW, 2012 WL 12829684, at *3 (S.D. Miss. Apr. 11, 2012) ("Interrogatories are not the same as document production."); *see also Allred v. Moroni Feed Co.*, No. 2:14-CV-00405, 2015 WL 1467587, at *3 (D. Utah Mar. 30, 2015). Accordingly, the United States will address Plaintiffs' assertions *infra* in the section titled "Request No. 2."

    **B.**    **Interrogatory No. 3**

The United States will supplement its answer to Interrogatory No. 3 to include the employment information of the contract employees.



EXHIBIT "4"

### C. Interrogatory No. 4

The United States will supplement its answer to Interrogatory No. 4 to include the number of hantavirus patients that Dr. Leach treated at GIMC for the last five years.

### D. Request No. 1

As the United States noted in its objections, the risk management file is privileged because it is attorney work product and a medical quality assurance record pursuant to 25 U.S.C. § 1675. Plaintiff cites no authority for the proposition that both privileges cannot apply to the same documents, and courts have suggested otherwise. *See, e.g., Smith ex rel. Smith v. United States*, 193 F.R.D. 201, 216 (D. Del. 2000) (noting that the United States can "assert the quality assurance and/or work product privileges").

In any event, regardless of whether one or both privileges apply, the documents are still privileged and will not be produced. The United States has already provided a detailed privilege log for the risk management file and therefore will not supplement its response.

### E. Request No. 2

The United States responded that it does not have a personnel or employment file for Dr. Leach or Defendants Sales and Go. Furthermore, it does not have a credentialing file for Defendants Sales and Go. Accordingly, the only documents at issue are the credentialing file for Dr. Leach.

The medical quality assurance privilege applies to all records that "are produced or compiled by or for an Indian Health program . . . as part of a medical quality assurance program." 25 U.S.C. § 1675(a)(3) (defining "medical quality assurance record"); *id.* § 1675(b) (providing that medical quality assurance records "are confidential and privileged"); *id.* § 1675(c)(1) (providing that "[n]o part of any medical quality assurance record . . . may be subject to discovery or admitted into evidence in any judicial or administrative proceeding, except as provided in subsection (d)"). The Court has already explained that credentialing files are subject to the medical quality assurance privilege because they are records of a medical quality assurance program, 25 U.S.C. § 1675(a)(2). *See Tolbert v. Gallup Indian Med. Ctr.*, 555 F. Supp. 3d 1207, 1243 (D.N.M. 2021) ("Because credentialing and privileging oversight 'is directly related to the provision of quality medical care,' IHS Manual § 3-1.1(B)(2), the Court concludes that such records are records of a 'medical quality assurance program' and are therefore generally privileged, 25 U.S.C. § 1675(a)(2).").

Plaintiffs have not articulated which, if any, of the exceptions in 25 U.S.C. § 1675(d) would apply in this case, and the Court has already rejected the argument that the law enforcement exception in Section 1675(d)(1)(F) applies to plaintiffs bringing an FTCA case. *Tolbert*, 555 F.

Supp. 3d at 1243. Because the United States has already provided a detailed privilege log for Dr. Leach's credentialing file, it will not supplement its response.

### F.  Request No. 4

The United States disagrees that it has waived the medical quality assurance privilege by providing a patient complaint, since it was not a medical quality assurance record. Even if it were, courts have construed the medical quality assurance privilege set forth in similar statutes to be unwaivable. *See, e.g., Smith*, 193 F.R.D. at 206-07; *Cole v. McNaughton*, 742 F. Supp. 587, 590 (W.D. Okla. 1990).

The United States has no additional documents responsive to this request.

### G.  Request No. 7

The United States has already produced all the medical records for Ms. Charley relating to the incident alleged in the Complaint. The United States is not "blocking" any such information.

The United States has no additional documents responsive to this request.

### H.  Request No. 8

The United States has produced the personal services contract with Dr. Leach and has no additional documents responsive to this request.

### I.  Request No. 11

The United States has produced a floorplan covering the emergency department where Ms. Charley was treated. The United States will search for any additional floorplans it may have and will supplement its response if it finds any. However, the United States is not required to create a floorplan with a "legend or compass" if one does not already exist. *See, e.g., Tenorio v. Synchronoss Techs., Inc.*, No. 14-CV-01274-WJM-BNB, 2015 WL 361214, at *3 (D. Colo. Jan. 28, 2015) (noting that a defendant "is required only to produce responsive, existing documents and materials in its possession, custody, and control" but "is not required to create new documents").

### J.  Request No. 13

The United States produced all its guidelines, rule booklets, or training manuals relating to emergencies or codes in response to Request No. 9. The United States has no additional documents responsive to this request as clarified in Plaintiffs' Rule 37 Letter.

### K. Request No. 14

The United States produced Dr. Leach's privileges along with all rules, regulations, bylaws, manuals, and guidelines related to credentialing and privileging. To the extent this request seeks Dr. Leach's credentialing file, Defendant will not produce it for the reasons specified in the section titled "Request No. 2."

The United States has no additional documents responsive to this request.

### L. Request No. 14

The United States produced all the requested information in response to Request No. 9. The United States has no additional documents responsive to this request.

### M. Request No. 17

The United States responded to this request by stating it has no responsive documents. It continues to have no responsive documents.

### N. Request No. 20

The United States produced documents responsive to this request. The United States has no additional documents responsive to this request.

Please let me know if you have any questions or would like to discuss these matters further.

Very truly yours,

Christine H. Lyman
Assistant United States Attorney