IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF NENA CHARLEY,
by and through Personal Representative,
TIMOTHY CHARLEY, TIMOTHY
CHARLEY, as parent and next friend of
NILE CHARLEY, and TIMOTHY CHARLEY,
Individually,

    Plaintiffs,

vs.                                                                       No. CIV 22-0033 JB/JFR

THE UNITED STATES OF AMERICA, ROBIN
RANELL SALES, R.N., JOELLE CATHERIN
CERO GO, R.N., AB STAFFING SOLUTIONS,
LLC, a Foreign Corporation, NEXT MEDICAL
STAFFING, a Foreign Corporation, and JOHN or
JANE DOE Corporation.

    Defendants.

## STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

THIS MATTER, having come before the Court upon Defendant Joelle Catherin Go, RN's and AB Staffing Solutions, LLC's Unopposed Motion for Entry of Stipulation of Confidentiality and Protective Order pursuant to the stipulation of the parties, and the Court, being fully advised, hereby finds:

Plaintiff and Defendants hereby agree to this Stipulation of Confidentiality and Protective Order ("Order") as it relates to confidential documents to be produced in this case pursuant to Fed. R. Civ. P. 26.  The only documents at issue and to be produced under this Order are attachments to emails between Nurse Go and AB Staffing, which contain payroll information, employment agreements, and other employment documentation that is not publicly disseminated and to which Nurse Go has a reasonable expectation of privacy. For these reasons, good cause exists for the entry of this Order pursuant to Fed. R. Civ. P. 26. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept

confidential, and ensure that protection is afforded only to material entitled to such treatment, the parties agree as follows:

I.     **DEFINITIONS**

A.     "Confidential Information" is defined herein as:

        (1)     Operations transfer agreement

B.     "Stamped Confidential Document" means any Document identified under this Order which bears the mark "Confidential"– or which shall otherwise have had the mark recorded on it in a way that brings its attention to a reasonable examiner – to signify that it contains Confidential Information subject to protection under this Order.

C.     "Document" means all written, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Information may be accorded status as a Stamped Confidential Document, but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection.

D.     "Producing Party" means the party that produced the Confidential Information.

II.     **NON-DISCLOSURE OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION**

A.     Except with the prior written consent of the Producing Party, or as provided in this Order, Confidential Information and Stamped Confidential Documents may not be disclosed to any person by the Non-Producing Party.

B.     A Producing Party may, in its discretion, disclose its Confidential Information and/or designated Stamped Confidential Documents to any person.

    C.    Confidential Information and Stamped Confidential Documents may be disclosed by the Non-Producing Party to:

        (1)    The parties, including all employees, agents, third party administrators, insurers and investigators, as well as counsel of record for the parties in this action, including the partners, associates, "contract attorneys," secretaries, paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation.

        (2)    Judges, court reporters, court personnel, jurors, or videographers present at trial, hearings, arguments, or depositions held in this matter.

        (3)    Other persons who may be designated by written consent of the Producing Party or pursuant to a court order.

    D.    Confidential Information and Stamped Confidential Documents may also be disclosed by the parties to:

        (1)    Persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such persons to testify;

        (2)    Consultants or experts retained for the purpose of assisting counsel of record in this action; and

        (3)    Third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Documents.

    E.    Before disclosing Confidential Information or Stamped Confidential Documents pursuant to paragraph D to any person who is a competitor (or an employee of a competitor) of the Producing Party, the party proposing to make such disclosure shall give at least twenty-one (21) days advance notice in writing, which shall identify the person(s) to whom the

disclosure will be made and a detailed explanation of why disclosure to such person(s) is necessary, to counsel for the Producing Party. If, within fourteen (14) days, after receiving advanced notice, the Producing Party objects in writing to the proposed disclosure, disclosure, shall not be made until the parties have resolved the matter or the court has ruled on it.

F. A recipient of Confidential Information and/or Stamped Confidential Documents shall be asked to by the party providing Confidential Information and/or Stamped Confidential Documents to exercise due care to restrict access to those persons described in II(C)(1). Any summary, copy of, or excerpt from a Stamped Confidential Document shall be subject to this Order to the same extent as the Stamped Confidential Document itself, and must be labeled as Confidential. A recipient shall be asked by the party providing Confidential Information and/or Stamped Confidential Documents not to duplicate any Stamped Confidential Document or excerpt therefrom except for use as working copies and for filing in court.

### III. DECLASSIFICATION OF STAMPED CONFIDENTIAL DOCUMENT

A party may challenge the propriety of a confidential designation at any time within 30 days of the production of the Confidential Information and/or Stamped Confidential Document by giving the proponent of confidentiality written notice of the challenge. The proponent will then move the Court to maintain the documents as confidential pursuant to Fed. R. Civ. P. 26. within 30 days of receiving written notice of the challenge. If a Document is declassified either by agreement of the parties or by a court order, the terms of this Order will no longer apply to future handling or production or dissemination of declassified Documents.

IV.   **CONFIDENTIAL INFORMATION IN DEPOSITIONS**

A.   This Order shall apply to any deponent who is a party in this case who is shown or examined about Confidential Information and/or Stamped Confidential Documents.

B.   Parties and deponents, may, within 45 days after receiving the deposition transcript from the court reporter, designate pages of the transcript (and exhibits thereto) as confidential by underlining or otherwise designating the portions of the pages that are confidential.  The parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the following legend, "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER."

V.   **SUBPOENA FOR STAMPED CONFIDENTIAL DOCUMENTS**

If Stamped Confidential Documents or other Documents containing Confidential Information are subpoenaed by any person, court, administrative or legislative body, the party in this case to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such Documents or information until twenty-one (21) days after giving counsel for the Producing Party notice in writing of the subpoena, accompanied by a copy of the subpoena.  If the Producing Party objects to the subpoena, the party to whom the subpoena is directed agrees not to produce Documents in response to it until the resolution of the objection by the appropriate court.

VI.   **FILING AND USE OF STAMPED CONFIDENTIAL DOCUMENTS FOR PRETRIAL PURPOSES**

A.   The parties acknowledge that this Order does not entitle them to seal all confidential information filed with the Court.  In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public

disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the fourteen-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

**VII.   PROPER USE OF CONFIDENTIAL INFORMATION**

The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for

an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

Confidential Information and/or Stamped Confidential Documents provided to the parties pursuant to this Order shall be used for preparation and trial of this litigation only – including appeals and retrials – and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

## VIII. NON-TERMINATION

The parties agree that the provisions of the protective order will remain binding on them until and unless the parties mutually agree to terminate its protection, or the parties notify the Court and each other of a desire to re-open the case to modify and/or enforce the protective order.

## IX. MODIFICATION PERMITTED

Nothing in this Order shall prevent any party or other person from objecting to discovery that it believes to be otherwise improper or from seeking modification of this Order, including further provisions for categories of Documents requiring heightened protection.

## X. INADVERTENT DISCLOSURE

A.  Any inadvertent disclosure of confidential, proprietary, or privileged material will not be construed as a waiver, in whole or in part, of (1) the Producing Party's claims of confidentiality or privilege either as to the specific information inadvertently or unintentionally disclosed or more generally as to the subject matter of the information disclosed, or (2) the party's right to designate the material as confidential pursuant to this Order. A written representation by counsel for the Producing Party that the disclosure was inadvertent shall be deemed prima facie evidence of that fact by the parties

B.  The Producing Party shall promptly notify the other party of an inadvertent disclosure following discovery of the inadvertent production, and that other party (i) shall in the case of a privileged Document, return the inadvertently disclosed Document forthwith, as well as any and all copies; or (ii) in the case of a confidential, proprietary Document, shall mark it and all copies, "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER."  In the event that the other party cannot comply with these requirements – because, for example, the inadvertently produced Document has been given to a third party – the other party shall provide the Producing Party with the name, address, and telephone number of such person(s) as well as the date of and reason for the transmission of the Document.

C.  Notice of inadvertent disclosure shall apply to all copies of the Document inadvertently disclosed including Documents inadvertently produced in cases other than this case (such that inadvertent disclosure of a confidential or privileged Document in another jurisdiction shall not constitute a waiver of privilege under this Order).

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

8

APPROVED:

SAIZ, CHANEZ, SHERRELL + KAEMPER, P.C.

By */s/ Denise M. Chanez – electronically signed*
    Brenda M. Saiz
    Denise M. Chanez
    5600 Wyoming Blvd. NE, Suite 200
    Albuquerque, NM 87109
    Telephone: (505) 340-3443
    dchanez@sclawnm.com
    pcoronel@sclawnm.com
    *Attorneys for Joelle Catherin Cero Go and*
    *AB Staffing Solutions, LLC*

CURTIS & CO. LAW FIRM

*Electronically Approved on June 7, 2023*
Lisa K. Curtis
Melanie L. Ben
215 Central Ave., NW, Suite 300
Albuquerque, NM 87102
lisa@curtislawfirm.org
melanie@curtislawfirm.org
*Attorneys for Plaintiffs*

UNITED STATES ATTORNEY'S OFFICE

*Electronically Approved on June 7, 2023*
BRETT C. EATON
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274; Fax: (505) 346-7205
brett.eaton@usdoj.gov
*Attorney for the United States*

CHECKETT LAW FIRM PLLC

*Electronically Approved on June 6, 2023*
John Checkett
James Bennett
6829 N. 12th St.
Phoenix, AZ 85014
jcheckett@checkett-law.com
jbennett@checkett-law.com
*Attorneys for Robin Ranell Sales, R.N*