# The Checkett Law Firm, PLLC

*John J. Checkett        6829 North 12th Street        Phone: (480) 272-9100
James G. Bennett        Phoenix, Arizona 85014        Fax: (480) 272-9039
Michelle Jager        Web: checkett-law.com
*Admitted to practice in Arizona and New Mexico

October 10, 2023

**Via Email Only**
Ms. Melanie Ben, Esq.
Curtis & Company Law Firm
215 Central Avenue, N.W.
Third Floor
Albuquerque, NM 87102

       **Re:**   Charley v. Next Medical *et al.*

Dear Melanie:

       I respond to your meet-and-confer letter regarding Interrogatories 9 – 11; and Requests for Production Nos. 6, 8 and 9. I also address your question about the "Master Service Agreement."

       I provide you with the background of this case as proper context for Next Medical Staffing's objections and the responses below.

**I.**        <u>**Plaintiff has no expert against Next Medical Staffing**</u>

       Plaintiff was under an obligation to properly disclose expert opinions in this case which implicated *any* of the parties in this case. Plaintiff did **not** disclose any experts or opinions against Next Medical Staffing.

       I reference all of Plaintiff's experts' reports especially Plaintiff's nursing standard of care expert Edward Shradar, R.N. He would be the expert expected hold the necessary standard of care opinions against Next Medical Staffing if any existed as he had read the depositions of GIMC personnel, Nurse Sales, Brittany Reisenberg (Next Medical Staffing's corporate representative), and all of the produced documents outlining Next Medical Staffing's involvement. He had ample time to formulate any applicable opinions to place Next Medical Staffing on notice about any opinions, especially in light of the frequent and liberal extensions that Next Medical Staffing extended to Plaintiff's to complete their expert reports.

       In Mr. Shradar's 14-page single-spaced report, all of Mr. Shradar's opinions are entirely addressed to GIMC, Nurse Go individually, and Nurse Sales individually. Mr. Shradar provided no opinions of any independent negligence against Next Medical Staffing or its role in the case More specifically, Mr. Shradar's report, if he had any criticisms of Next Medical Staffing, was

required by the Federal Rules to set out whether he had any opinions whatsoever about Next Medical Staffing apart from the conduct of Nurse Sales. He had none.

We are at the advanced point in the case where trial is only 2 months away. Mr. Shradar and his extensive report provided no opinions implicating Next Medical Staffing. It is too late for any backtracking by your expert or any attempts to shoe horn last-minute shuffling with expert opinions. If your client had any expert opinions against Next Medical Staffing, those opinions should have been disclosed by now. That time has passed.

II. **Interrogatories 9 – 11 and Request for Production No. 6:** Plaintiff's requests for Next Medical Staffing's recruiter information is not for anything within the scope of this litigation.

Within that context above and without basis, your client seeks the compensation information for the person at Next Medical Staffing who recruited Nurse Sales as well as the rules for recruiters. That information establishes nothing within this litigation. It is just an effort to talk about extrinsic, improper financial information which has no bearing on Nurse Sales' conduct in the ER as a triage nurse in the early morning hours of May 28, 2019. It has no bearing on Nurse Sales' interaction with Ms. Charley. Your request also has no relation to your own expert's self-limiting report which did not implicate Next Medical Staffing or its recruiters in any way.

III. **Request for Production No. 8:** Next Medical Staffing produced "competency ER nurse exam results" for Nurse Sales in response to RFP No. 2 on July 12, 2023.

To confirm, the "competency ER nurse exam results" for Nurse Sales were produced to you via ShareFile on July 12, 2023 with Next Medical Staffing's responses to Plaintiff's Request for Production No. 2.

IV. **Request for Production No. 9:** Privilege log

Next Medical Staffing has not withheld any information subject to a privilege log.

V. **Master Service Agreement**

You inquired about Ms. Reisenberg's reference to a "Master Service Agreement" at her deposition. After her deposition, Next Medical Staffing responded to your Request for Production No. 1 dated July 12, 2023 for production of a Master Service Agreement. At deposition, Ms. Reisenberg used the term "Master Service Agreement" as a term of art in the industry. The "Master Service Agreement" that Ms. Reisenberg referenced at deposition was the GSA Contract previously produced on July 12, 2023 in response to Plaintiff's Request for Production No. 1.

      If you have any other questions, please let me know.

                Sincerely,

                THE CHECKETT LAW FIRM

                */s/ John J. Checkett*

                John J. Checkett

lmk/JJC

cc:  Denice Chanez, Esq.
      Brett Eaton, Esq.