IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF NENA CHARLEY,
by and through Personal Representative,
TIMOTHY CHARLEY, TIMOTHY
CHARLEY, as parent and next friend of
NILE CHARLEY, and TIMOTHY CHARLEY, Individually,

    Plaintiffs,

vs.        Cause No. 1:22-cv-00033-JB-JFR

THE UNITED STATES OF AMERICA, ROBIN
RANELL SALES, R.N., JOELLE CATHERIN
CERO GO, R.N., AB STAFFING SOLUTIONS,
LLC, a Foreign Corporation, NEXT MEDICAL
STAFFING, a Foreign Corporation, and JOHN or
JANE DOE Corporation,

    Defendants.

### PLAINTIFFS' NOTICE OF NON-APPEARANCE REGARDING THE DEPOSITION OF BRUCE W. POLSKY, M.D.

Pursuant to D.N.M. LR-Civ. 30.2., Plaintiffs hereby enters this Notice of Non-Appearance for Bruce W. Polsky, M.D. for the deposition set for October 19, 2023. Defendant provides as follows:

1. Plaintiffs set the deposition of Defendant USA's expert witness on the date provided for the deposition of its expert witness Dr. Eric Ketcham for October 19, 2023, on September 14, 2023. (See Exhibit "1").

2. On September 21, 2023, a telephonic conference with Magistrate Judge Robbenhaar was held concerning the upcoming settlement conference. Defendant USA stated they were not prepared to attend the settlement conference because they had not taken

Plaintiffs' expert witnesses' depositions. Plaintiffs gave the USA dates for expert witnesses' depositions, including October 19, 2023, for Bruce W. Polsky, MD.

3. Defendant USA filed a Motion for Protective Order and Notice of Non-Appearance for Dr. Ketcham's Deposition on September 27, 2023 (Doc. 184 and 185).

4. Plaintiffs' counsel requested and the Court held an in person Status Conference at 9:30 AM (MST) on October 6, 2023, where the issue of the Motion for Protective Order was discussed, and a hearing for it, and the other pending discovery Motions was held on October 13, 2023 from 9:30 until approximately noon, over Zoom, by agreement.

5. During the hearing the Court Ordered that Plaintiff would be permitted the deposition of Dr. Ketcham and all the defense expert witnesses. In an effort to get Plaintiffs' experts set for deposition quickly, Plaintiffs' counsel stated that October 19, 2023 from early morning until 2 PM was available for the taking of the deposition of Dr. Polsky previously giving defense counsel 7 hours to take the deposition.

6. The USA complained that the expert was on the East Coast and it was unfair to start a deposition early on East Coast time because of the impact on defense counsel in the mountain time zone and the Court ordered the deposition to occur beginning at 10:30 AM MST.

7. Unbeknownst to Plaintiffs' counsel, Dr. Polsky had informed co-counsel the day before that he could no longer be available on October 19, 2023, for deposition. Co-counsel was on vacation on October 13, 2023, and October 16, 2023, when the Notice for Deposition was emailed at 3:40 PM for Dr. Polsky's deposition to be taken now "in person" in New York on October 19, 2023.

8. More than reasonable efforts were made by Dr. Polsky and Plaintiffs' counsel to try and change Dr. Polsky's schedule so he could attend the October 19, 2023, deposition, but given his position as Chair of his Department at the School of Medicine he must appear for a Board meeting on October 19, 2023, and cannot attend his deposition as Noticed. He began working on his schedule to find a close date to be available for 7 hours for deposition.

9. Plaintiffs' counsel emailed defense counsel on October 17, 2023, to talk, and defense counsel called at 2:10 PM on October 18, 2023. Plaintiffs' counsel was in deposition in Santa Fe and called back at approximately 3:20 PM after the conclusion of the deposition. Plaintiffs' counsel was shocked to find out defense counsel was in New York for the deposition of Dr. Polsky and was clear Dr. Polsky could not be present for his deposition, asking for clarification, as it was understood that USA's counsel was aware through Plaintiffs' co-counsel that Dr. Polsky was unable to attend a deposition on October 19, 2023.

10. In an effort to immediately work out the situation, Plaintiffs' counsel offered to pay the travel expenses for defense counsel and reset the deposition close in time. Defense counsel said he would have to speak to his supervisor and at 5:28 PM (MST) that he was going to have a court reporter appear at the deposition and make a record regardless of the knowledge that Dr. Polsky could not be present. The voicemail was unheard until 8:20 PM.

11. Defendant has been informed that Dr. Polsky is available on November 8, and the deposition should be noticed as soon as possible.

Respectfully submitted,

*Attorneys for Plaintiffs*
C U R T I S & C O .
215 CENTRAL AVENUE NORTHWEST
THIRD FLOOR
ALBUQUERQUE, NM 87102
T 505-243-2808 F 505-242-0812
lisa@curtislawfirm.org
melanie@curtislawfirm.org

*Electronically signed*
*/s/ Lisa K. Curtis*
Lisa K. Curtis
Melanie L. Ben

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th of October, 2023 at 5:15 AM (MST), I electronically caused counsel of record to be served by electronic means a copy of the foregoing Notice of Non-Appearance. The foregoing will be filed with the Clerk of Court using the CM/ECF system, as more fully reflected on the Notice of Electronic Filing.

*/s/ Lisa K. Curtis*
Lisa K. Curtis, Esq.

4