IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF NENA CHARLEY,
by and through Personal Representative.
TIMOTHY CHARLEY, TIMOTHY CHARLEY,
as parent and next friend of NILE CHARLEY, and
TIMOTHY CHARLEY, Individually.

        Plaintiffs,

vs.                                      Cause No. 1:22-cv-00033-JB-JRF

THE UNITED STATES OF AMERICAN, ROBIN
RANELL SALES, R.N., JOELLE CATHERIN CERO GO, R.N.,
AB STAFFING SOLUTIONS, LLC, a Foreign
Corporation, NEXT MEDICAL STAFFING, a Foreign
Corporation, and JOHN or JANE DOE Corporation,

        Defendants.

**PLAINTIFFS' AMENDED MOTION FOR LEAVE TO RE-DEPOSE
LARRY LYBBERT NURSE EDUCATOR**

COME NOW Plaintiffs, by and through their counsel of record, Curtis & Co. Law Firm, and pursuant to Federal Rule of Civil Procedure 37(a)(1), hereby respectfully request the Court enter an Order to compel Defendant United States to produce the following individual, Nurse Educator Larry Lybbert to have his deposition continued. Defendants were contacted for their positions: Plaintiffs called counsel for Defendant USA on June 17, 2024 for his position and the remainder of Defendants' counsel were called on June 18, 2024 for their position. All Defense counsel were also emailed on June 19, 2024. Defendants oppose this Motion. In support of this Motion, Plaintiffs state as follows:

Discovery Scope and Limits.

    **I.**        **INTRODUCTION**

At the time of Mr. Lybbert's initial deposition he failed to fully answer Plaintiffs' questions and testified he had access to such information but did not have it with him. It is necessary Plaintiffs be permitted to re-depose Mr. Lybbert because Plaintiffs were limited to 2 hours. Plaintiffs request they be permitted more time to depose Mr. Lybbert and to take his deposition while he has access to his computer so he can fully answer Plaintiffs questions. The information sought is not cumulative information but is information Mr. Lybbert simply had access to but could not answer at his deposition. Plaintiffs do not have the ability to obtain this information through written discovery per Court ordered limitations and can only obtain this information from Mr. Lybbert. Plaintiffs request leave for additional time to re-depose Mr. Lybbert while he has access to his computer.

## II. LEGAL STANDARD

1. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Fed. R. Civ. P. Rule 26(b)(1)."

2. "By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36 . The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited

by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Fed. R. Civ. P. Rule 26(c)."

3. "Evidence is relevant if it has any tendency to make a material fact more or less probable." Fed. R. Evid. 401.

### III.  LEGAL ARGUMENT

4. Plaintiffs took the deposition of Mr. Lybbert on March 8, 2024. During the deposition, Plaintiffs asked Mr. Lybbert questions about the hantavirus training Defendant nurses received prior to Nena's visit to the ER. Mr. Lybbert responded that he had access to this information but was unable to access it during his deposition. When questioned whether he had been asked to find what the required HealthStream modules were for nurses in 2019 find for his deposition, he responded "no" and that it was something he could get but it would be very difficult. *See Exhibit "1",* Lybbert Dep. at 36:12-22. Defendant USA was asked to produce this information in Request for Production NO. 27. It was not produced.  When asked if Mr. Lybbert was able to provide a list of all the HealthStream and Health & Human Services (hereinafter HHS) modules that the emergency room nurses have to complete during their onboarding before they can start working in the emergency room, Mr. Lybbert responded, "As we speak, yes, I could provide that." *See Exhibit "2",* Lybbert Dep. at 45:12-23. "Okay. And so, you have access to those

nurses' trainings if you needed them for some reason?" "I do." "Have you been asked to look at Nurse Go or Nurse Sales' training files?" "I have not." "Is that something that is easy or hard for you to do?" "It's time-consuming, but it is possible." "And so just time-consuming?" "What []what does that mean?" "I mean, are you talking about a couple hours or--" "Correct." *See Exhibit "3",* Lybbert Dep. At 60:19-61:7.

5. Mr. Lybbert was also asked directly to correct and produce information from his resume which Defendant USA has failed to supplement. "I would ask would you do me a favor and correct that and send it to Mr. Eaton, and then he can get it to me?" "Yes, ma'am." *See Exhibit "4",* Lybbert Dep. at 48:12-15.

6. Mr. Lybbert has access to additional information which is relevant to this case which Plaintiffs should have had for Nurse Lybbert's deposition, but Defendant made no effort to comply with the discovery rules to obtain it. Plaintiffs additionally were unable to get questions answered at the time of Mr. Lybbert's deposition because he was not prepared to access his computer. Mr. Lybbert has direct access to relevant information that Plaintiffs should have been provided.

7. Mr. Lybbert testified Gallup Indian Medical Center (hereinafter GIMC) has training on hantavirus and was aware of hantavirus in 2019 and for this reason and based on Mr. Lybbert's testimony, Plaintiffs are requesting leave of the Court to continue Mr. Lybbert's deposition regarding the withheld information. "Nurses are currently trained using the video provided by the CDC." *See Exhibit "5",* Lybbert Dep. at 40:21-41:6. Mr. Lybbert also testified that it was known for a fact GIMC had information on hantavirus in 2019 on the list of things that were part of the onboarding for nurses in 2019. *See Exhibit "5",* Lybbert Dep. at 41:8-12.

4

8. Defendants have a duty to continuously supplement discovery. Fed. R. Civ. P. 26(e), so even if they were unaware this information was accessible initially, the USA is well-aware of it now and it should be provided.

9. Defendants either knew Mr. Lybbert had access to such information, or should have known that he had this information. Defendant USA prevented Mr. Lybbert from being fully prepared for his deposition, hindering Plaintiffs' ability to have their questions fully answered at deposition.

10. The hantavirus training for nurses as part of onboarding was the entire point of Nurse Educator Lybbert's deposition.

WHEREFORE, Plaintiffs respectfully ask the Court to enter an Order to compel Defendant United States to produce the requested hantavirus training material as discussed in Larry Lybbert, Nurse Educator's deposition and to permit the reconsideration of Nurse Educator Lybbert's deposition to go over these materials and issues related to them.

Respectfully submitted,

*Attorneys for Plaintiffs*

C U R T I S  & C O .
215 CENTRAL AVENUE NORTHWEST
THIRD FLOOR
ALBUQUERQUE, NM 87102
T  505-243-2808     F  505-242-0812
lisa@curtislawfirm.org
melanie@curtislawfirm.org

*Electronically signed*
*/s/ Melanie L. Ben*
Lisa K. Curtis
Melanie L. Ben

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 24th day of June, 2024 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which caused counsel of record to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

                                                           */s/ Melanie L. Ben, Esq.*
                                                            Melanie L. Ben, Esq.