IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF NENA CHARLEY,
by and through Personal Representative,
TIMOTHY CHARLEY, TIMOTHY
CHARLEY, as parent and next friend of
NILE CHARLEY, and TIMOTHY
CHARLEY, Individually,

    Plaintiffs,

vs.                                           Cause No. 1:22-cv-00033-JB-JFR

THE UNITED STATES OF AMERICA,
ROBIN RANELL SALES, R.N., JOELLE
CATHERIN CERO GO, R.N., AB STAFFING
SOLUTIONS, LLC, a Foreign Corporation,
NEXT MEDICAL STAFFING, a Foreign
Corporation, and JOHN or JANE DOE
Corporation.

    Defendants.

**DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFFS'
AMENDED MOTION FOR LEAVE TO RE-DEPOSE LARRY LYBBERT
NURSE EDUCATOR**

Plaintiffs failed to show GIMC's Chief Nurse Educator, Larry Lybbert, should be re-deposed. Plaintiffs provided no relevant legal support for their position, failed to show they are entitled to leave for Mr. Lybbert to sit for a second deposition, and asserted inaccurate claims that the United States did not to comply with discovery. Furthermore, Plaintiffs' frivolous request should be denied for failure to comply with the requirements of the Rules of Civil Procedure.

**I.    Relevant background**

Plaintiffs sought leave to depose GIMC's Chief Nurse Educator because Plaintiff had already taken the 10 depositions allowed by Fed. R. Civ. P. 30(a)(2(A)(i).

*See* Plaintiffs' Opposed Motion for Additional Depositions and Written Discovery, filed August 23, 2023 (Doc. 161) and the United States of America's Response to Plaintiffs' Opposed Motion for Additional Depositions and Written Discovery, filed September 6, 2023 (Doc. 166). Plaintiffs sought to depose Gallup Indian Medical Center's (GIMC) Chief Nurse Educator even though their negligent hiring, retention, training, and supervision claim had already been dismissed. *See* Court's Order on Defendant United States' Partial Motion for Summary Judgment or to Dismiss Certain Claims, filed March 6, 2023 (Doc. 101); *see also* Doc. 161 at 9-10. The Court granted Plaintiffs leave to depose the Chief Nurse Educator but limited the deposition to two hours, stating that two hours "will be enough time to talk about the Hantavirus education, which I think goes to the core of the case." *See* Court's Order on Plaintiffs' Opposed Motion for Additional Depositions and Written Discovery, filed March 6, 2024 (Doc. 262) and October 13, 2023, hearing Transcript at 78:2-20, attached as **Exhibit A**.

Prior to Mr. Lybbert's deposition, the United States produced copies of GIMC's hantavirus training materials. *See* United States' Response to Request for Production ("RFP") No. 21, attached as **Exhibit B.** On October 13, 2024, during a hearing addressing Plaintiffs' request for additional depositions and discovery, Plaintiffs' counsel agreed that the United States had produced hantavirus training materials. Ex. A at 78:2-20. The United States also produced documents showing the standard orientation programs for ER nurses at GIMC. Ex. B, Response to RFP No. 25. The United States also produced the HealthStream transcripts for Robin Ranell Sales,

2

R.N., and Joelle Catherin Cero Go, R.N. that identified the training they received at GIMC. *Id.*, Response to RFP No. 27. Despite having this material, Plaintiffs' counsel told the Court during the October 13, 2023, hearing that she would need an additional request for production for general training material. Ex. A, 78:6-22. In October 2023, the Court granted leave for Plaintiffs to submit a request for training materials. *Id.* at 78:24-79:5. Plaintiffs, however, never sent the United States any additional discovery requests.

Mr. Lybbert was deposed on March 8, 2024. He was asked about GIMC's hantavirus education. He did not refuse to answer any questions, nor was he at any point instructed not to answer a question. After exceeding the two-hour allotted time for Mr. Lybbert's deposition, Plaintiffs' counsel was reminded that she had exceeded the Court-ordered time limit. In response, she said, "I don't have any other questions." Dep. of Larry Lybbert, 85:21-86-10, attached as **Exhibit C**.

## II. Plaintiffs failed to comply with Rule 37's requirement to make a good-faith effort to resolve discovery disputes

Plaintiffs moved to re-depose Mr. Lybbert pursuant Fed. R. Civ. P. 37(a)(1). Doc. 267 at 1. Plaintiffs, however, failed to comply with Rule 37's requirement that their Motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiffs' request to re-depose Mr. Lybbert should be dismissed because Plaintiffs failed to comply with the good-faith requirements of Rule 37. *See Hartnett v. O'Rourke*, 69 Fed. Appx. 971, 982 (10th Cir. 2003) (requiring a moving party to comply with procedural

3

rules to attempt to resolve discovery disputes is within the court's province); *Lipscher v. Equifax Info. Services, LLC*, 2011 WL 13277215, at *3 (D.N.M. Dec. 7, 2011) (court declined to hear plaintiff's discovery motion for failing to comply with Rule 37's mandatory good-faith requirement); *Wagner Equip. Co. v. Wood*, 2012 WL 12862336, at *2 (D.N.M. Nov. 21, 2012) (Plaintiffs' failure to "comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the District of New Mexico would justify an immediate denial of Defendants' Motion so as not to burden the Court with an unnecessary discovery motion").

Plaintiffs made no good-faith effort, and failed to certify that they made any effort at all. *See* Doc. 267. Instead, Plaintiffs filed their Motion for Leave to Re-Depose Larry Lybbert Nurse Educator, Doc. 266, prior to seeking the positions of the parties. Counsel for the United States asked Plaintiffs to withdraw the improperly filed motion, and informed Plaintiffs' counsel that "your office made no good-faith effort to resolve this discovery issue prior to unilaterally filing the motion." June 17, 2024, email correspondence between counsel, attached as **Exhibit D**. Despite being notified that they failed to make a good-faith effort, Plaintiffs filed their Amended Motion without making any effort to first resolve the issue.

Plaintiffs also alleged the United States did not produce documents in written discovery and failed to supplement discovery. *See* Doc. 267. Plaintiffs, however, never approached the United States regarding the alleged discovery failures, never made any good-faith effort to resolve perceived shortcomings in discovery, and never filed a motion to address their alleged discovery issues with the Court. As a result,

4

Plaintiffs' request should be denied. *See* Fed. R. Civ. P. 37(a)(1) and D.N.M. LR-Civ. 37.1.

In addition to these procedural failings, Plaintiffs' arguments lack merit.

### III. Plaintiffs failed to show they are entitled to an order compelling Mr. Lybbert to sit for another deposition

Plaintiffs failed to show they are entitled to an order compelling Mr. Lybbert to sit for a second deposition because they failed to show any failure to cooperate in discovery. Fed. R. Civ. P. 37(a)(3)(B)(i) states that a party seeking discovery may move for an order compelling an answer if a "deponent fails to answer a question asked under Rule 30." *See also Am. Auto. Ins. Co. v. First Mercury Ins. Co.*, 2016 WL 7395219, at *1 (D.N.M. Oct. 22, 2016). Plaintiffs, however, did not identify a single question that Mr. Lybbert failed to answer. *See* Doc. 267. Furthermore, Plaintiffs failed to show any discovery violation that would compel Mr. Lybbert to sit for a second deposition.

Plaintiffs incorrectly presumed Mr. Lybbert was required to have certain documents accessible to him during his deposition. *See* Doc. 267 at 3. Plaintiffs provided no case law or legal support that would show either the United States or Mr. Lybbert were obligated to have any documents accessible to Mr. Lybbert during his deposition, that Mr. Lybbert should be required to sit in front of his computer to access documents during his deposition, or that Mr. Lybbert was required to be prepared to discuss any specific topics. Plaintiffs did not set a Rule 30(b)(6) deposition wherein they could have included specific topics for a deponent to answer, and Mr. Lybbert was not subject to a duces tecum notice.

5

Plaintiffs also incorrectly claimed the United States failed to produce information in response to Request for Production No. 27. During his deposition, Plaintiffs' counsel asked Mr. Lybbert whether he had been asked to find the required HealthStream modules for nurses in 2019. He responded that he had not, and that this was likely something he could locate but doing so would be very difficult. Plaintffs claim "Defendant USA was asked to produce this information in Request No. 27. It was not produced." Doc. 267. It is telling that despite making this claim, Plaintiffs failed to include their Request for Production No. 27 or the United States' response to the Request as an exhibit.

Contrary to Plaintiffs' claim, Request for Production No. 27 did not ask for required HealthStream modules. Instead, it asked the United States to "produce all HealthStream testing scores for Robin Ranell Sales, R.N. and Joelle Catherin Cero Go, R.N." *See* Ex. B Response to RFP No. 27. The United States produced HealthStream transcripts that show the HealthStream testing scores for both the identified nurses. *Id*. In their Motion, Plaintiffs stated they asked Mr. Lybbert if he was asked to look at Nurse Go and Nurse Sale's training files, and he responded he was not asked to do this. Doc. 267 at 3-4. The transcripts produced by the United States in response to RFP No. 27, however, specified the exact training each nurse received. This information was readily available to Plaintiffs during the Mr. Lybbert's deposition. Plaintiffs' counsel could have provided copies to Mr. Lybbert for review and could have asked him questions about the trainings identified on the transcripts during his deposition. Plaintiffs' counsel did not.

6

Furthermore, Plaintiffs had already been provided the training materials regarding hantavirus and training provided to ER nurses. Ex. B Responses to RFP Nos. 21 and 25. In their Motion, Plaintiffs claimed they needed an opportunity to question Mr. Lybbert about the training materials when he has access to them at his computer, even though Plaintiffs had been provided the training materials months prior to his deposition—a point previously conceded by Plaintiffs' counsel. Ex. A at 78:2-20. Plaintiffs had the opportunity to question Mr. Lybbert about the training materials during his deposition and did not do so. Ex. C at 22:17-24:21. Plaintiffs set forth no reasoning or explanation for their failure to ask questions about the training materials during the deposition when they had the opportunity to do so. Furthermore, Plaintiffs were granted leave to submit a more general request for production on training materials they believed they did not have, but they never made this request.

Plaintiffs also argued they should be permitted to re-depose Mr. Lybbert because he "was asked directly to correct and produce information from his resume which Defendant USA has failed to supplement." Doc. 267 at 4. This argument is baseless. The purported issue was a single typo in Mr. Lybbert's resume—originally testifying that his resume should have said he was the Assistant Chief of Nursing Executive in December *2023*, not *2022*. Ex. C at 48:4-49:5. Mr. Lybbert apologized for the typo, and Plaintiffs' counsel responded, "[i]t's no big deal." *Id*. Furthermore, two questions later, Mr. Lybbert corrected himself and said that the date in his resume was correct. *Id*. In their Motion, Plaintiffs made no effort to identify the nature of the needed correction; they do not disclose that they found the purported issue to be "no

7

big deal;" and they do not explain to the Court that Mr. Lybbert confirmed his resume was correct, rendering supplementation both unnecessary and inappropriate. Plaintiffs ignored these portions of the testimony that immediately preceded and followed the limited portion of testimony Plaintiffs chose to highlight for their exhibit. *Compare* Doc. 267-4 with Ex. C at 48:4-49:5.

Plaintiffs also claimed they need to re-depose Mr. Lybbert because he testified that GIMC has hantavirus training and was aware of hantavirus in 2019. Plaintiffs, however, have not shown what questions they were unable to ask during the deposition and why additional time is necessary. Mr. Lybbert testified about GIMC's hantavirus training, and Plaintiffs had ample opportunity to ask questions regarding the training. He was also shown a document that Plaintiffs claimed contained a "list of things that were part of the onboarding for nurses in 2019." Doc. 267-5. Plaintiffs had this document and could have asked Mr. Lybbert questions about it during the deposition.

The United States has complied with all rules of discovery throughout this lawsuit. Plaintiffs have not shown otherwise, nor have they identified any refusal by Mr. Lybbert to answer questions during the deposition they were permitted to take. Plaintiffs are not entitled to depose Mr. Lybbert a second time.

**IV.  Plaintiffs Cannot Show they Are Entitled to Depose Mr. Lybbert for a Second Time**

Plaintiffs' Rule 37 arguments appear to be a ruse. Plaintiffs stated they "were limited to 2 hours," and requested "that they be permitted more time to depose Mr. Lybbert and take his deposition while he has access to his computer." Doc. 267 at 2.

In addition to being unable to show Mr. Lybbert should be compelled to sit for another deposition pursuant to Rule 37, Plaintiffs are also unable to show they are entitled to leave for a second deposition of Mr. Lybbert. Rule 30. Fed. R. Civ. P. 30(a)(2)(A)(ii) states that "a party must obtain leave of court, and the Court must grant leave [for] a witness who has already been deposed in the case." "Courts generally disfavor repeat depositions." *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996). "The party seeking a[n order allowing a second deposition] is expected to show good cause to justify such an order." *Shultzaberger v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2723783, at *2 (D.N.M. June 6, 2018) (quoting Fed. R. Civ. P. 30 Advisory Committee Notes, 2000 Amendments); *see also United States v. 94.594 Acres of Land, More or Less, Situated in Bernalillo Cnty., New Mexico*, 2020 WL 1189385, at *1 (D.N.M. Mar. 12, 2020). "The propriety of deposing someone a second time addresses the discretion of the court." *Dixon*, 164 F.R.D. at 690.

"Rule 26(b) identifies the factors that guide the exercise of discretion." *Shultzaberger*, 2018 WL 2723783, at *2. "Under Rule 26(b)(1), the subject matter of a second deposition must be relevant to a claim and "proportional to the needs of the case[.]" *Id.*; *see also* Fed. R. Civ. P. 26(b)(1). "Rule 26(b)(2) requires the Court to consider (1) whether a second deposition would be 'unreasonably cumulatively or duplicative'; (2) the movant 'has had other opportunities' to obtain the information sought; and (3) the burden outweighs the benefit." *Shultzaberger*, 2018 WL 2723783, at *2.

Plaintiffs did not meet any of the good-cause factors to support a second deposition of Mr. Lybbert. Plaintiffs sought Mr. Lybbert's testimony because he is GIMC's chief nurse educator. Plaintiffs' claims of negligent hiring, retention, training, and supervision, however, have already been dismissed. Doc. 101. During the October 12, 2023, hearing on Plaintiffs' Opposed Motion for Additional Depositions and Written Discovery, the Court stated, "[i]f we identify somebody that's a nurse educator, then I'm going to allow a two-hour deposition by Ms. Curtis of that, because I think that will cover the—I think that will be enough time to talk about the Hantavirus education, which I think goes to the core of this case." Ex. A at 106:22-107:2.

The first factor weighs against requiring Mr. Lybbert to sit for another deposition because a second deposition would be unreasonably cumulative and duplicative. Mr. Lybbert already testified about the hantavirus training and training materials provided by GIMC. Ex. C at 22:17-24:12; 25:18-26:18; 41:5-7; 46:4-10; 77:2-6; 81:21-83:19. Mr. Lybbert also testified that there was no specialized training on hantavirus for nurses prior to May 2018. *Id.* at 62:9-20. Plaintiffs have not shown what additional relevant information they would need.

The second factor weighs against a second deposition. Plaintiffs have had ample opportunity to determine what hantavirus training was provided by GIMC to its nurses. The United States produced copies of all hantavirus training materials. Ex. B, Response to RPF No. 21. The United States also produced documents regarding the orientation programs for ER nurses. *Id.*, Response to RFP No. 25. The training

transcripts for both Defendant nurses were also provided. *Id*. Response to RFP 27. Furthermore, Plaintiffs have already taken several other depositions wherein Plaintiffs asked about the training provided by GIMC to nurses, including depositions of Defendants Robin Sales and Catherine Cero Go, Dr. Johnathan Iralu, 30(b)(6) depositions of Defendants Next Medical Staffing and AB Staffing, and an AB staffing recruiter named Ryan Diaz. Furthermore, the Court granted Plaintiffs leave to send an additional RFP regarding GIMC's training generally.

The third factor also weighs against a second deposition. The burden on Mr. Lybbert, GIMC, the United States, and the other Defendants outweighs any potential benefit. Mr. Lybbert took time from his work to prepare for his deposition and to sit for longer than the time allotted by the Court. Counsel for all parties expended time and resources coordinating and attending the deposition. Plaintiffs have identified no benefit to be derived from a second deposition. Plaintiffs did not identify any additional questions they needed to ask, and Plaintiffs' counsel affirmatively stated she did not have any other questions at the end of Mr. Lybbert's deposition. Ex. C at 86:9-10. Additionally, Plaintiffs continue to try to litigate claims that have already been dismissed. The negligent hiring, retention, training, and supervision claims against GIMC were already dismissed. The Court found that his testimony would be "relevant to the travelling nurses or temporary nurses that are the other defendants in the case." Ex. A, 98:12-15. The training those nurses received has been identified, and Mr. Lybbert (and others) already testified the nurses did not receive hantavirus training prior to May 2018. The burden therefore outweighs any potential benefit.

11

## V. Conclusion

Plaintiffs failed to show they are entitled to an order compelling a second deposition pursuant to Rule 37, or that they are entitled to leave to take a second deposition under the standard provided by Rule 30. The United States respectfully requests the Court deny Plaintiffs' request to reconsider its prior ruling and for any other relief the Court deems fair and just.

          Respectfully submitted,

          ALEXANDER M.M. UBALLEZ
          United States Attorney

          */s/ Brett C. Eaton 7/8/24*
          Brett C. Eaton
          Assistant United States Attorney
          P.O. Box 607
          Albuquerque, NM 87103
          (505) 346-7274; Fax: (505) 346-7205
          brett.eaton@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 8, 2024, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties and counsel of record to be served, as more fully reflected on the Notice of Electronic Filing.

          */s/ Brett C. Eaton 7/8/24*
          Brett C. Eaton
          Assistant U.S. Attorney