## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF NENA CHARLEY,
by and through Personal Representative,
TIMOTHY CHARLEY, TIMOTHY
CHARLEY, as parent and next friend of
NILE CHARLEY, and TIMOTHY
CHARLEY, Individually,

      Plaintiffs,

vs.                        Cause No. 1:22-cv-00033-JB-JFR

THE UNITED STATES OF AMERICA,
ROBIN RANELL SALES, R.N., JOELLE
CATHERIN CERO GO, R.N., AB STAFFING
SOLUTIONS, LLC, a Foreign Corporation,
NEXT MEDICAL STAFFING, a Foreign
Corporation, and JOHN or JANE DOE
Corporation.

      Defendants.

## DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION FOR RELIEF BASED ON NEWLY DISCOVERED EVIDENCE REGARDING THE COURT'S RULING ON DEFENDANT NURSE SALES' AND NURSE GO'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs asked the Court to "reconsider its granting of Defendants Robin Ranell Sales, RN and Joelle Catherin Cero Go, RN's Motion for Summary Judgment" pursuant to Fed. R. Civ. P. 59 and 60. Doc 272 at p. 16. These rules, however, contemplate final judgments. *Anderson Living Tr. v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 430-435 (D.N.M. 2015) (Browning, J.). The Court stated it was taking these summary judgment motions under advisement and was inclined to grant them. *See* Clerk's Minutes Before the Hon. James O. Browning, Doc. 259. It has not entered an opinion and order on these motions and there is no final judgment. Furthermore,

Plaintiffs failed to show they are entitled to reconsideration under the applicable legal standard.

Plaintiffs failed to provide new evidence that would raise a genuine issue of material fact. On March 6, 2023, the Court dismissed Plaintiffs' claims against the United States for negligent hiring, training, supervision, or credentialing. Doc. 101. Plaintiffs have not moved for reconsideration of this Order. The Defendants filed motions for summary judgment (Docs. 233, 234, and 235) based in part on Plaintiffs' lack of necessary expert medical testimony on causation. After reviewing the completed briefs and hearing oral argument by the parties, the Court stated it was inclined to grant all Defendants' motions for summary judgment. *See* Doc. 259. Plaintiffs now move only for reconsideration of nurse Defendants' motions, claiming there is new evidence that raises genuine issues of material fact.

## I.   Any effort to elicit expert testimony from Dr. Harkin, including the use of her affidavit, should be excluded, and not considered as a basis for reconsideration

Plaintiffs included an improper and untimely filed affidavit from Michelle Harkins, M.D. as a basis for reconsideration. Plaintiffs did not disclose Dr. Harkin as an expert, Plaintiffs' prior requests to substitute Dr. Harkins as an expert for Dr. Polsky were not granted, and the affidavit Plaintiffs submitted is an improper attempt to circumvent the requirements of Fed. R. Civ. P. 26(a)(2) and the Court's various prior orders regarding expert disclosures.

Plaintiffs were originally ordered to identify and disclose their expert witnesses by November 20, 2022. Doc. 49. The Court stated the "parties shall have

their experts ready to be deposed at the time they identify them and produce their reports." *Id*. Plaintiffs asked for and obtained several extensions to disclose experts. The first of their requests extended the deadline to February 6, 2023. Doc. 72. The Court entered an Amended Scheduling Order, extending the deadline for Plaintiffs to provide expert reports to April 4, 2023. Doc. 95. Plaintiffs sought and obtained another extension to June 23, 2023. Doc. 108. The Court extended Plaintiffs' deadline to disclose experts again to July 21, 2023. Docs. 142. When Plaintiffs finally made their disclosure, Dr. Harkins was not disclosed as an expert witness.

Plaintiffs' disclosed causation expert, Dr. Polsky, was excluded as an expert witness because Plaintiffs repeatedly disregarded Court orders concerning the United States' efforts to depose Dr. Polsky.[1] On November 14, 2023, the Court held a hearing regarding Dr. Polsky's repeated failures to appear for a deposition. During that hearing, Plaintiffs' counsel stated they had another hantavirus expert witness from UNM and asked the Court for permission to use her instead of Dr. Polsky. Transcript of November 14, 2023, hearing, attached as **Exhibit A** at 28:14-30:23. This request was not granted. Plaintiff did not identify the witness by name, but stated she was "involved in treating our client." *Id*. at 28:18. On November 30, 2023, Plaintiffs again asked the Court to reconsider its exclusion of Dr. Polsky as an expert, and in the alternative, asked the Court for leave to substitute Dr. Polsky with an

---

[1] Defendant United States' Motion to Exclude the Testimony of Bruce W. Polsky for Failure to Appear at his Court-Ordered Deposition sets forth the background information of Plaintiffs' numerous violations of the Court's orders and failures to have their causation expert, Bruce W. Polsky, appear for his deposition. Doc. 221 at 2-7.

alternative infectious disease expert. Doc. 228 at 8.  During the November 14, 2023, hearing, the Court stated it would likely not grant a motion to substitute an expert, but stated Plaintiffs could file such a motion. Doc. 231 at 2. Plaintiffs never filed any motion to substitute Dr. Harkins as an expert.

On October 13, 2023, Plaintiffs' counsel sought leave to depose Dr. Harkins stating that "Michelle Harkins is the critical care doctor that was involved in the care. She's a UNMH doc. And so, Dr. Harkins is just a direct treater and somebody that is particularly familiar with Hantavirus." Transcript of October 13, 2023, hearing attached as **Exhibit B** at 93:18-94:3. No parties objected to Plaintiffs taking her deposition and the Court granted leave for the deposition. Plaintiffs, however, never took her deposition.

Dr. Harkins's affidavit, however, goes beyond her work as a treating provider and instead asserts unsupported expert opinions. *See* Doc. 272-1 (setting forth conclusory opinions about standard of care and causation). "Parties in federal court must disclose all witnesses, including expert witnesses, in a timely manner. Thus, plaintiffs must disclose treating physicians, whether they are to testify as lay witnesses or experts, in accordance with the rules." *Peshlakai v. Ruiz*, 2013 WL 6503629, at *13 (D.N.M. Dec. 7, 2013) (Browning, J.). This Court warned that "[l]awyers have to be careful about planning on using their treating physicians to slip into trial expert testimony without providing an expert report, because the 2000 amendments to the Federal Rules of Evidence have changed significantly the opinion of testifying experts." *Id.* "Under Tenth Circuit law, treating physicians not disclosed

4

as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient." *Witherspoon v. Navajo Ref. Co., L.P.*, 2005 WL 5988650, at *1 (D.N.M. June 28, 2005) (Black, J.) (relying upon *Davoll v. Webb,* 194 F.3d 1116, 1138–39 (10th Cir.1999); *and Parker v. Central Kansas Med. Ctr,* 57 Fed. Appx. 401 (10th Cir.2003) (unpublished opinion) (upholding exclusion of causation evidence from a treating physician not properly disclosed)).

Dr. Harkins was not timely disclosed as an expert witness. Despite this failure, Plaintiffs seek to proffer expert testimony through the form of Dr. Harkins's conclusory affidavit one year after Plaintiffs' disclosure deadline and in violation of the requirements of Fed. R. Civ. P. 26(a)(2). "Expert reports 'must be detailed and complete,' and 'must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions.'" *Leon v. FedEx Ground Package Sys., Inc.*, 2016 WL 1158079, at *11 (D.N.M. Mar. 1, 2016) (Browning, J.) (quoting *Salgado by Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1998)). Plaintiffs failed to provide an expert report for Dr. Harkins including her complete statement of opinions and the bases for those opinions. The affidavit Plaintiffs rely on is not detailed and fails to show how and why Dr. Harkins reached her opinions.

The Court should exclude Dr. Harkins's affidavit and any attempt by Plaintiffs to elicit expert testimony from Dr. Harkins. "District courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Leon v. FedEx Ground Package Sys., Inc.*, 2016 WL 1158079, at *6 (D.N.M. Mar. 1, 2016) (cases collected). "The United States Court of Appeals for the Tenth Circuit has identified four factors

that a district court should consider when deciding whether to exclude expert evidence: "[i] the prejudice or surprise to the party against whom the testimony is offered; [ii] the ability of the party to cure the prejudice; [iii] the extent to which introducing such testimony would disrupt the trial; and [iv] the moving party's bad faith or willfulness." *Leon v. FedEx Ground Package Sys., Inc.*, 2016 WL 1158079, at *6 (D.N.M. Mar. 1, 2016) (quoting *Ellsworth v. Tuttle,* 148 Fed.Appx. 653, 665 (10th Cir.2005) (unpublished) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d at 993). Plaintiffs' introduction of the affidavit is an improper end run around the disclosure requirements for experts and should therefore be excluded. Even if the introduction of the affidavit could be considered as an expert disclosure it should be excluded.

The first factor for exclusion is met because allowing Dr. Harkins's affidavit would result in substantial prejudice to the Defendants. After facing exclusion of their causation expert, Plaintiffs twice asked to use Dr. Harkins as an expert witness. Plaintiffs' requests were denied both times. Based on the lack of necessary causation expert testimony, each set of Defendants filed separate motions for summary judgment, successfully argued the motions, and the Court stated it was inclined to grant each motion. Allowing Plaintiffs to use Dr. Harkins one year after their expert disclosure deadline and months after the completion of dispositive motions would result in prejudice and expense to the Defendants who already disclosed experts, and engaged in expert depositions and motions practice. Moreover, Plaintiffs have received the unfair advantage of submitting Dr. Harkins's affidavit after the

Defendants submitted their expert witness reports and after the United States' causation expert sat for his deposition. Additionally, Dr. Harkins asserted new theories of negligence, including a claim that the nurses should not have provided Ms. Charley with fluids. This theory of negligence was not part of Plaintiffs' Complaint or First Amended Complaint and was not part of any of Plaintiffs' prior experts' reports. Responding to Dr. Harkins's untimely expert opinions would require the Defendants and their experts to expend additional time, resources, and expenses to rebut these new claims; it would require additional expert disclosures by the Defendants; and it would require reopening discovery, which closed [many months ago], which would like then require additional dispositive motion briefing.

The second factor is met because the United States cannot cure this prejudice. Motions for summary judgment were filed and the Court stated it was inclined to grant the motions. The Defendants took on the time and expense of filing these motions based upon Plaintiffs' failure to have the requisite expert causation testimony and after her prior requests to substitute Dr. Harkins as an expert were denied. Furthermore, Plaintiffs untimely and improper disclosure occurred after the Defendants' expert disclosures and the deposition of the United States' causation expert. Responding to the affidavit that Plaintiffs intend to serve as expert testimony without providing the required disclosures set forth in Rule 26 prejudices Defendants as they are unable to meaningfully respond to the conclusory statements.

Introduction of Dr. Harkins's affidavit or any expert opinions would disrupt the status of the case. Trial was cancelled after the Defendants filed their motions for

summary judgment. The motions were premised in part on Plaintiffs' failure to have the required expert causation testimony. *See* Docs. 233, 234, and 235. Oral argument was heard, and the Court stated it was inclined to grant the motions.  The matter of causation has already been fully briefed and addressed by the Court. Plaintiffs waited well beyond the midnight hour to submit Dr. Harkins's affidavit. As a result, the third factor is met.

Plaintiffs' failure to timely disclose Dr. Harkins as an expert witness was willful. Plaintiffs knew about Dr. Harkins well before Dr. Polsky was excluded as an expert but chose not to disclose her as an expert witness. *See* Ex. A at 28:14-29:4. Plaintiffs attempted to disclose Dr. Harkins only after they were faced with the exclusion of Dr. Polsky. *Id*. *See also* Doc. 228. Plaintiffs also waited months after the hearing on the Defendants' motions for summary judgment and only after Plaintiffs' deposed Defendants' experts to provide Dr. Harkins's opinions. Additionally, in October 2023, the Court granted Plaintiffs leave to depose Dr. Harkins. Plaintiffs, however, have made no effort to take her deposition. Dr. Harkins was a known witness to Plaintiffs, and someone that Plaintiffs believed could have been an expert witness.  Plaintiffs, however, chose not to disclose her timely or properly, and instead waited to ambush the parties with her improper and conclusory affidavit.  For these reasons, her affidavit should be excluded as should any effort on the part of Plaintiffs to elicit expert testimony from Dr. Harkins. Plaintiffs failed to show inclusion of Dr. Harkins' affidavit, or any testimony would be proper or that there is a basis for

reconsidering the Court' inclination to grant the nursing Defendants' motions for summary judgment.

## II.   Plaintiffs failed to show the Court should reconsider its inclination to grant the Nurse Defendants' motions for summary judgment

Plaintiffs are unable to show they are entitled to reconsideration of the Court's inclination to grant the nursing Defendants' motions for summary judgment. This Court recognized that "[u]nlike the motion that produced the prior ruling, a motion to reconsider is not—and is not supposed to be—a fair fight procedurally." *Anderson Living Trust*, 308 F.R.D. at 435.   The "deck is stacked against the movant for reconsideration." *Id*. The party moving for reconsideration bears the burden of producing evidence, legal support, and argument to persuade the Court to reconsider its position using only the evidence, argument, and legal authority the moving party presents to the Court. *Id*. The moving party must "not rely on the Court to do any supplemental fact finding or legal research." *Id*.

### A.   Plaintiffs failed to show the Court's inclination to grant the nursing Defendants' motions for summary judgment should be reconsidered

This Court identified three factors for determining the level of which the Court should restrict its review of its prior ruling. *Id*. "First, the Court should restrict its review of a motion to reconsider a prior ruling in proportion to how thoroughly the earlier ruling addressed the specific findings and conclusions that the motion to reconsider challenges." *Id*. at 434. "Second, the Court should consider the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence the parties may produce, and use

9

those factors to assess the degree of reasonable reliance the opposing party has placed in the Court's prior ruling." *Id*. "Third, the Court should consider the *Servants of the Paraclete v. Doe* grounds." *Id*. The factors weigh in favor of a restricted review and against reconsideration.

The first factor weighs in favor of a restricted review and against reconsideration because the Court thoroughly addressed the issue of the exclusion of Plaintiffs' causation expert witness and subsequent motions for summary judgment for lack of causation testimony. These matters were fully briefed, and the Court heard oral argument on these motions. *See* Docs. 233, 234, 235, 246, 247, 248, 251, and 253.

The second factor also weighs in favor of a restricted review and against reconsideration due to the progress and posture of the case, and the reliance of Defendants on the Court's order. "Stability becomes increasingly important as the proceeding nears final disposition…" *Anderson Living Trust*, 308 F.R.D. at 434 (quoting 8B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Vikram David Amar, Richard D. Freer, Helen Hershkoff, Joan E. Steinman & Catherine T. Struve, *Federal Practice & Procedure* § 4478.1 (2d ed.)). Trial was vacated and the Court stated it was inclined to grant the dispositive motions. In reliance on the Court's order, Defendants filed and argued in favor of their dispositive motions. The oral argument took place on January 5, 2024, at which time the Court stated it was inclined to grant the motion.

Finally, the factors set forth in *Servants of Paraclete* weigh in favor of a restricted review of Plaintiffs' request and against reconsideration. These factors are

the same factors used for addressing a request to reconsider under Rule 59(e). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) and *Anderson*, 308 F.R.D. at 434. As discussed below, Plaintiffs failed to show they are entitled to relief under Rule 59(e).

Plaintiffs failed to meet their burden of production and show they are entitled to have the Court reconsider its inclination to grant the nursing Defendants' motions for summary judgment. Each factor identified by this Court in *Anderson* weighs in favor of restricting the review of Plaintiffs' request and against reconsideration.

**B.      Plaintiffs are not entitled to reconsideration under Rule 59(e)**

Motions pursuant to Rule 59(e) for reconsideration "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete*, 204 F.3d at 1012. Additionally, the Tenth Circuit stated that "revisiting the issues already addressed is not the purpose of a motion to reconsider." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012; *Anderson*, 308 F.R.D. at 427. Plaintiffs have only asserted new evidence they claim was previously unavailable, though it was in fact available.

Plaintiffs case was and is fatally flawed because they do not have an expert causation expert. The Court already ruled on excluding Plaintiffs' previously

11

disclosed causation expert and ruled against Plaintiffs' request to reconsider that exclusion. Furthermore, Plaintiffs unsuccessfully tried twice to substitute Dr. Polsky with Dr. Harkins as a causation expert. *See* Ex. A, Doc. 228, and Doc. 231.

To overcome summary judgment on the nursing Defendants' summary judgment motions, Plaintiffs need competent expert causation testimony sufficient to raise a genuine issue of material fact. *See Holley v. Evangelical Lutheran Good Samaritan Soc.*, 588 F.App'x 792, 795 (10th Cir. 2014). Plaintiffs failed to identify any competent expert causation testimony that was not previously available. As shown above, Plaintiffs knew about Dr. Harkins well before the submission of the motions for summary judgment, could have called her as an expert witness prior to their disclosure deadline but chose not to do so, could have deposed Dr. Harkins but failed to do so, and could have moved to substitute her as an expert but failed to do so. Any opinions Dr. Harkins could have provided were previously available to Plaintiffs.

Plaintiffs also make the conclusory statement that "Dr. Mertz's testimony has raised a genuine issue of material fact regarding causation and the loss of chance of survival." Doc. 272 at 2. Plaintiffs, however, failed to identify or submit any portion of Dr. Mertz's deposition to support this claim. *See* Doc. 272. Furthermore, Plaintiffs failed to make any additional argument in support of this claim. Plaintiffs had the burden of producing evidence and argument to persuade the Court to reconsider its position and cannot "rely on the Court to do any supplemental fact finding or legal research. *Anderson Living Trust*, 308 F.R.D. at 435. As a result, Plaintiffs failed to

identify any previously unavailable expert causation evidence that was not previously available to Plaintiffs. Therefore, Plaintiffs failed to show they are entitled to reconsideration under Rule 59(e).

## C.   Plaintiffs are not entitled to reconsideration under Rule 60

Similarly, Plaintiffs failed to show they are entitled to reconsideration under Fed. R. Civ. P. 60. "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver*, 952 F.2d at 1243. "A litigant shows exceptional circumstance by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Id*. at 1243-44. The six grounds for relief from judgment under Fed. R. Civ. P. 60(b) are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

As with Rule 59, Plaintiffs are only relying upon a claim that there is new evidence. As shown, however, Plaintiffs failed to identify any competent expert causation evidence that could not have been discovered prior to the filing of the motions for summary judgment. Plaintiffs as the parties moving for reconsideration had the "full burden of production" to persuade the Court to reconsider its prior

ruling.  Plaintiffs failed to meet this burden. As a result, Plaintiffs are not entitled to relief under Rule 60(b).

**D.     Plaintiff failed to show there are unresolved factual issues regarding GIMC's training**

Plaintiffs claim that there are "unresolved factual disputes regarding the adequacy of hantavirus training at GIMC." Doc. 272 at 15.  This cannot be the basis for reconsideration.  Plaintiffs' negligent training claims against GIMC were dismissed. The Court found the discretionary function exception to the FTCA applied. Doc. 101. Additionally, Plaintiffs made the unsupported claim that they "have been blocked by Defendant USA from obtaining…necessary information" pertaining to training. Doc. 272 at 15. This is not accurate. The United States has complied with its discovery obligations, including requests for information about training provided to the nurses. *See e.g.* Doc. 268. Plaintiffs had numerous opportunities through written discovery and depositions to identify the training provided at GIMC. *See id*.

**III.    Conclusion**

Plaintiffs failed to show they are entitled to reconsideration of the Court's inclination to grant the nursing Defendants' motions for summary judgment. The United States respectfully requests the Court deny Plaintiffs' request to reconsider its prior ruling and submit final orders granting each Defendants' motion for summary judgment.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Brett C. Eaton 8/12/24*
Brett C. Eaton
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274; Fax: (505) 346-7205
brett.eaton@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2024, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties and counsel of record to be served, as more fully reflected on the Notice of Electronic Filing.

*/s/ Brett C. Eaton 8/12/24*
Brett C. Eaton
Assistant U.S. Attorney