## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF NENA CHARLEY,
by and through Personal Representative,
TIMOTHY CHARLEY, TIMOTHY
CHARLEY, as parent and next friend of
NILE CHARLEY, and TIMOTHY CHARLEY,
Individually,

       Plaintiffs,

vs.                                   Cause No. 1:22-cv-00033-JB-JFR

THE UNITED STATES OF AMERICA, ROBIN
RANELL SALES, R.N., JOELLE CATHERIN
CERO GO, R.N., AB STAFFING SOLUTIONS,
LLC, a Foreign Corporation, NEXT MEDICAL
STAFFING, a Foreign Corporation, and JOHN or
JANE DOE Corporation.

            Defendants.

### DEFENDANTS JOELLE CATHERIN CERO GO, RN AND
### AB STAFFING SOLUTIONS, LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR
### RELIEF BASED ON NEWLY DISCOVERED EVIDENCE REGARDING THE
### COURT'S RULING ON DEFENDANT NURSE SALES' AND NURSE GO'S MOTION
### FOR SUMMARY JUDGMENT [DOC. 233] AND [DOC. 234]

Plaintiffs ask the Court "for relief based on newly discovered evidence" pursuant to Rules

59 and 60(b)(2) of the Federal Rules of Civil Procedure. (Pls.' Mot. for Relief Based on Newly

Discovered Evidence Regarding the Court's Ruling on Def. Nurse Sales' and Nurse Go's Mot. for

Summ. J. [Doc. 233] and [Doc. 234], filed July 18, 2024 (Doc. 272).) However, both rules

contemplate final judgments. *See Dombos v. Janecka*, 2012 U.S. Dist. LEXIS 55499, 2012 WL

1372258, at *3 (D.N.M. 2012) ("Notably, neither rule 59 nor rule 60 apply to interlocutory orders

a district court reconsiders before entry of final judgment."). The Court has not yet entered an

Order, granting summary judgment on Plaintiffs' claims against Defendants Joelle Catherin Cero

Go, RN and AB Staffing Solutions, LLC (collectively, "Defendants").  Plaintiffs' presumptive

motion, seeking relief based on the Court's statement during the hearing on January 5, 2024 that

it was inclined to grant Defendants' motion for summary judgment, is improper.

Regardless, Plaintiffs have entirely failed to demonstrate that they are entitled to relief from

the Court's anticipated order.  Plaintiffs merely mischaracterize Defendants' experts' testimony

and rehash evidence and arguments that existed at the time of the Court's January 5, 2024 ruling.

Plaintiffs have failed to identify any new evidence that was previously unavailable, or any need to

correct a clear error or prevent manifest injustice.  Additionally, Plaintiffs continue their repeated

disregard for this Court's orders by submitting an affidavit from a new expert.  This is a direct

violation of the Court's ruling that it would "not . . . grant any request that plaintiffs be allowed to

get a new expert."  1/5/24 Hearing Tran., relevant portions attached as Ex. A, at 127:24-25.  The

Court should not consider this affidavit.[1]  Because Plaintiffs have failed to demonstrate that they

are entitled to relief from the Court's anticipated order, the Court should deny Plaintiffs' motion.

## **INTRODUCTION**

This is a wrongful death case, arising out of Plaintiffs' allegations that medical providers

at Gallup Indian Medical Center failed to assess, diagnose, and treat Nena Charley for hantavirus.

(*See* Pls.' Firs Am. Compl. to Recover Damages for Wrongful Death and Loss of Consortium

Arising from Medical Negligence ("Amended Complaint") ¶ 2, filed 10/13/22 (Doc. 63).)  In their

Amended Complaint, Plaintiffs named multiple Defendants, including Nurse Joelle Catherin Cero

Go and her employer, AB Staffing Solutions, LLC.  (*See* Am. Compl. ¶¶ 37, 40.)  Plaintiffs brought

their medical negligence claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  (*See id.*

¶ 46 ("This action arises under . . . the Federal Tort Claims Act . . . .").)  Plaintiffs also alleged that

---

[1] Defendants have concurrently filed a motion to strike this affidavit and hereby incorporate the arguments set forth in their Motion to Strike, filed 8/12/24 (Doc. ___).

AB Staffing Solutions, LLC negligently hired, trained, and supervised Nurse Go.  (*See id.* ¶ 42.)

Plaintiffs disclosed four expert witnesses – David Glaser, M.D., Brian McDonald, Ph.D., Bruce Polsky, M.D., and Edward Shradar, R.N.  Plaintiffs proffered Dr. Glaser to offer opinions as to breaches in the standard of care on the part of Robert Leach, M.D.  (*See* Plaintiffs' Expert Witness Disclosure, Ex. 1, filed 7/21/23 (Doc. 152), attached as Ex. B.)  Dr. McDonald, an economist, offered opinions as to damage calculations, including lost earning capacity, lost household services, and value of life damages.  (*See id.*, Ex. 2.)  Dr. Polsky offered opinions relating to causation – i.e., that, if appropriate interventions were provided during Ms. Charley's first visit to the emergency room, more likely than not, she would have survived.  (*See id.*, Ex. 3.)  Finally, Nurse Shradar was disclosed to offer opinions as to the standard of care for nurses treating patients in the emergency department.  (*See id.*, Ex. 4.)  Importantly, however, when Nurse Shradar was deposed it became clear that he had no criticisms regarding Nurse Go's care and treatment of Ms. Charley and that he had no opinions as to AB Staffing Solutions, LLC.  *See* Shradar Dep., relevant portions attached as Ex. C, at 60:18-62:12, 74:18-23.

On November 7, 2023, the United States filed a motion, asking the Court to exclude Dr. Polsky's testimony based on his failure to appear at his Court-ordered deposition.  (*See* Def. United States' Mot. to Exclude the Testimony of Bruce Polsky for Failure to Appear at his Court-Ordered Deposition, filed 11/7/23 (Doc. 221).)  The Court heard the United States' motion on November 14, 2023.  (*See* Doc. 223.)  Following argument on the United States' motion, the Court granted the motion, striking Dr. Polsky as an expert witness and precluding Plaintiffs from entering Dr. Polsky's expert report into evidence.  (*See* Doc. 231.)

Defendants subsequently filed a motion for summary judgment on Plaintiffs' claims against them.  Defendants argued that they were entitled to summary judgment because Plaintiffs

had no medical expert testimony to establish a deviation from the standard of care.  Defendants also argued that they were entitled to summary judgment because Plaintiffs have no medical expert testimony to establish a causal connection between any breach in the standard of care and Plaintiffs' claimed injuries.

On January 5, 2024, the Court held a hearing on Defendants' motion, as well as the similar motions from Nurse Robin Sales, Next Medical Staffing, and the United States of America.  After extensive argument, the Court stated: "I'm inclined to grant the three motions."  Hearing Tran. at 127:15-16.  The Court further stated: "I'm not going to grant any request that plaintiffs be allowed to get a new [causation] expert."  *Id.* at 127:24-25.  However, the Court noted that, because it "g[a]ve permission to the plaintiff to take some discovery, do some discovery . . . [it would] let [the parties] go ahead" with the discovery.  *Id.* at 128:15-20.

Plaintiffs subsequently deposed Defendants' expert witnesses.  Plaintiffs then filed their motion for relief "based on newly discovered evidence," asserting that Defendants' experts witnesses' testimony raises "issues of material fact concerning breaches in the standard of care" by Defendants.  (Mot. at 1, 15.)  To the contrary, Plaintiffs misconstrue and misrepresent Defendants' experts' testimony in their attempt to create genuine issues of material fact.  Moreover, Plaintiffs improperly rely on evidence that existed at the time of the Court's ruling.  Finally, Plaintiffs violate the Court's previous rulings by submitting an affidavit from a new causation expert -- Michelle Harkins, M.D., who is a pulmonologist at the University of New Mexico.  Plaintiffs' disclosure of a new expert, more than six months after the Court ruled that it would not allow Plaintiffs to obtain a new expert, is extremely untimely and highly prejudicial to Defendants.  For the reasons set forth in Defendants' motion to strike Dr. Harkins' affidavit, incorporated herein, the Court should strike Dr. Harkins' affidavit.  Plaintiffs have entirely failed

to demonstrate that they are entitled to reconsideration or relief from the Court's ruling.  The Court should thus deny their motion.

## RELEVANT LAW REGARDING MOTIONS TO RECONSIDER

Except where the Federal Rules of Civil Procedure specify, motions to reconsider fall into three categories.  *See Kruskal v. Martinez*, 429 F. Supp. 3d 1012, 1018 (D.N.M. 2019).  First, a motion to reconsider that is filed within twenty-eight days of the entry of judgment "is treated as a motion to alter or amend the judgment" under Rule 59(e)."  *Id.*  Second, a motion to reconsider filed more than twenty-eight days "after judgment is considered a motion for relief from judgment" under Rule 60(b).  *Id.*  Finally, a motion to reconsider any order that it's not final is "a general motion directed at the Court's inherent power to reopen any interlocutory matter in its discretion."  *Id.*; *see also Been v. O.K. Indus.*, 495 F.3d 1217, 1224 (10th Cir. 2007) (stating that, generally "the 'law of the case' doctrine dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case," but "district courts generally remain free to reconsider their earlier interlocutory orders").

"Whether a motion for reconsideration should be considered a motion under rule 59 or rule 60 is not only a question of timing, but also 'depends on the reasons expressed by the movant.'"  *Kruskal*, 429 F. Supp. 3d at 1019 (quoting *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F. 3d 1194, 1200 (10th Cir. 2011)).  Courts consider motions that seek to alter a substantive ruling under Rule 59.  *See Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Accordingly, "a motion for reconsideration is appropriate where the court has

misapprehended the facts, a party's position, or the controlling law." *Id.* Courts consider motions under Rule 60 when the moving party seeks relief from a final judgment for reasons of mistake, newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial, fraud, or other reasons that justify relief. *See* Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Importantly, neither a motion under Rule 59(e) nor a motion under rule 60(b) "are appropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## THE COURT SHOULD DENY PLAINTIFFS' MOTION

Plaintiffs have failed to demonstrate that they are entitled to relief from the anticipated order under either Rule 59(e) or 60(b). Other than the affidavit of Dr. Harkins, which is inadmissible because it is untimely, violates the Court's rulings, and is highly prejudicial, Plaintiffs have entirely failed to identify any newly discovered evidence. Instead, they merely misapprehend the testimony of Defendants' expert witnesses and rehash their opposition to Defendants' motion for summary judgment. Because Plaintiffs have not demonstrated that they are entitled to relief from the anticipated order, the Court should deny their motion.

### I. Plaintiffs are not entitled to reconsideration under Rule 59(e).

Plaintiffs have entirely failed to demonstrate that there are grounds for the Court to reconsider its anticipated order under Rule 59(e). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204

F.3d at 1012.  Plaintiffs do not argue an intervening change in the controlling law, clear error, or manifest injustice.  (*See* Mot. at 7.)  Instead, their argument is based solely on their assertion that there is "newly discovered evidence."  (*Id.*)

Plaintiffs' presentation of "newly discovered evidence" is largely based on Dr. Harkins' affidavit.  (*See* Mot. at 2-5.)  Specifically, Plaintiffs contend that Dr. Harkins will testify that, had Nena Charley been properly cared for, there is a "higher than reasonable medical probability that she could have survived her hantavirus."  (Mot. at 3.)  However, Plaintiffs' submission of Dr. Harkins' affidavit is improper and highly prejudicial to Defendants.  Under the Court's Scheduling Order, Plaintiffs were required to disclose their expert witnesses by April 4, 2023.  (*See* Amended Scheduling Order, filed 2/8/23 (Doc. 95).)  The Court then granted several extensions, making Plaintiffs' expert disclosure deadline July 21, 2023.  (*See* Doc. 142; Doc. 143.)  In their expert disclosure, Plaintiffs disclosed one causation expert – Dr. Polsky.  (*See* Plaintiffs' Expert Witness Disclosure, Ex. 1, filed 7/21/23 (Doc. 152).)  However, when Dr. Polsky refused to make himself available for deposition, the Court struck Dr. Polsky and excluded the admission of Dr. Polsky's report.  (*See* Doc. 231.)  The Court denied Plaintiffs' motion for reconsideration on this interlocutory ruling and later informed Plaintiffs that it would "not . . . grant any request that plaintiffs be allowed to get a new expert."  1/5/24 Hearing Tran., relevant portions attached as Ex. A, at 127:24-25.

Continuing their disregard for the Court's orders, Plaintiffs submitted Dr. Harkins' affidavit.  Plaintiffs' disclosure of a new, previously undisclosed expert, more than one year after their expert disclosure, and more than six months after the Court ruled that it would not allow Plaintiffs to obtain a new expert, is extremely untimely and highly prejudicial to Defendants.  As set forth in Defendants' motion to strike, filed concurrently, the Court should strike Dr. Harkins'

affidavit and disregard the allegedly "new evidence" contained in her affidavit.  Without Dr. Harkins' affidavit, Plaintiffs are entirely without any qualified medical expert to establish that a breach in the standard of care caused Plaintiffs' alleged injuries.  *See Cervantes v. Forbis*, 1964-NMSC-022, ¶ 12, 73 N.M. 445.  Their remaining arguments are moot because they do not have any medical expert testimony to establish causation.  For these reasons, the Court should deny Plaintiffs' motion.

Even if the Court were to consider Plaintiffs' other contentions regarding alleged breaches in the standard of care, Plaintiffs merely misconstrue the experts' testimony and rehash their prior arguments.  For example, although Plaintiffs argue that there are new issues of fact regarding whether hantavirus training occurred at Gallup Indian Medical Center ("GIMC"), (Mot. at 7-9), the United States produced all training videos, documents, and power points pertaining to hantavirus, for the period of 2010 to present, more than one year ago – on March 7, 2023, (*see* Def. U.S.' Ans. and Resp. to Pls.' Second Set of Interrog. & Req. for Prod., Req. No. 21, filed March 7, 2023 (Doc. 102).)  Despite Plaintiffs' institutions to the contrary, Larry Lybbert testified that, although GIMC is *currently* training its nurses of hantavirus, he did not know whether Nurse Sales or Nurse Go received any hantavirus training before May of 2019.  *See* Lybbert Dep., relevant portions at 39:18-20, 86:23-88:3, 88:6-20, attached as Ex. D.  He further testified that there were no initials next to the hantavirus module in Nurse Go's training materials.  *See id.* at 87:5-19.  Plaintiffs' arguments that "Defendant nurses had an obligation to do more for Ms. Charley," given that "hantavirus [wa]s endemic to the area," (Mot. at 8), merely rehash arguments raised in their original response to Defendants' motion, (*see* Pls.' Resp. in Opposition to Defs.' Joelle Catherin Cero Go, RN and AB Staffing Solutions, LLC's Mot. for Summ. J. at 4, filed January 3, 2024 (Doc. 248) ("the Defendant healthcare providers failed to apply any training about

hantavirus and failed to properly diagnose Ms. Charley causing her untimely and wrongful death")).

Plaintiffs also mischaracterize Nurse Powers' testimony. Specifically, they speciously assert that Nurse Powers testified that there would be a breach in the standard of care if Nurse Go and Nurse Sales had been trained on hantavirus. (*See* Mot. at 8.) Instead, Nurse Powers merely stated that, if he were to assume that the nurses did receive hantavirus training before they saw Ms. Charley, he would have to review the specific training materials in order to assess whether the training materials were followed. *See* Powers Dep., relevant portions attached as Ex. E, at 8:25-9:14, 11:13-13:11. Importantly, Nurse Powers specifically stated that he could not answer a hypothetical question as to whether the nurses breached the standard of care, assuming that they were trained on hantavirus before Ms. Charley presented to the emergency room, without knowing the specific training that the nurses received. *See id.* at 12:23-13:11.

As Plaintiffs' motion demonstrates, Plaintiffs still cannot identify any medical expert testimony that Nurse Go breached the standard of care. Plaintiffs devote several pages to a discussion of Nurse Morikawa's testimony, and Nurse Power's testimony, in which the experts testified that they could not state whether a breach in the standard of care occurred without knowledge about the specific training that Nurse Go and Nurse Sales received. (*See* Mot. at 10-12.) However, this testimony does not establish any breach in the standard of care.[2] Other than the affidavit of Dr. Harkins, which the Court should strike for the reasons set forth above, Plaintiffs have entirely failed to cite to any newly discovered evidence, which was previously unavailable, establishing a breach in the standard of care.

---

[2] Additionally, Plaintiffs' arguments regarding the alleged "deficiencies" in Defendants' experts' training and knowledge of hantavirus are entirely irrelevant. (Mot. at 7.) It is not newly discovered evidence, given that Defendants disclosed their experts more than eight months ago. Moreover, any alleged deficiencies would go entirely to the credibility of the experts; it does nothing to establish Plaintiffs' medical negligence claim against Defendants.

Finally, Plaintiffs have failed to show clear error or manifest injustice. Indeed, Plaintiffs do not so much as attempt to raise these arguments. Instead, Plaintiffs merely reassert their prior opposition to Defendants' motion for summary judgment. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefings." *Servants of Paraclete*, 204 F.3d at 2012. The Court has already considered these arguments and has indicated that it was inclined to enter summary judgment.

Plaintiffs have failed to demonstrate that they are entitled to reconsideration under Rule 59(e). The Court should thus deny their motion.

**II.  Plaintiffs are not entitled to relief under Rule 60(b).**

Plaintiff have failed to demonstrate that they are entitled to relief under Rule 60(b). Plaintiffs do not argue fraud, mistake, surprise, or void judgment. (*See generally* Mot.) Instead, they argue that they are entitled to relief because of newly discovered evidence that they could not have discovered earlier. (*See id.* at 2.) However, Plaintiffs have not established that "exceptional circumstances exist," necessitating relief under Rule 60(b). *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

As set forth above, Plaintiffs' presentation of "newly discovered evidence" is largely based on Dr. Harkins' affidavit. (Mot. at 2-5.) However, the Court should disregard Dr. Harkins' affidavit. By submitting Dr. Harkins' affidavit, Plaintiffs ignored the Court's explicit ruling that it would not allow Plaintiffs to obtain a new expert. Moreover, the disclosure of a new, previously undisclosed expert more than one year after their expert disclosure is extremely untimely and highly prejudicial to Defendants. As set forth in Defendants' motion to strike, filed concurrently, the Court should strike Dr. Harkins' affidavit and disregard the allegedly "new evidence" contained in her affidavit.

Plaintiffs are not entitled to relief from the Court's anticipated order, entering summary judgment, based on the testimony of Defendants' experts. To the contrary, Plaintiffs merely misconstrue the experts' testimony and rehash their prior arguments. As set forth above, Plaintiffs have failed to point to any new evidence that creates a genuine issue of fact regarding breaches in the standard of care or causation. To the contrary, Plaintiff appear to simply cite numerous deposition excerpts in an attempt to reiterate their opposition to Defendants' motion for summary judgment. However, Plaintiffs fail to explain how the testimony to which they cite necessitates a different outcome. For example, Plaintiffs cite Defendants' experts' testimony that, even assuming that the nurses received hantavirus training before they saw Ms. Charley, the experts could not state whether there would have been a breach in the standard of care because they did not know what specific training was given. (*See* Mot at 11-12.) Plaintiffs have not, and cannot, explain how this testimony entitles them to relief. Clearly, expert testimony in which the expert states that they cannot state whether there would have been a breach in the standard of care does not establish a breach in the standard of care. Plaintiffs are merely attempting to re-litigate the same issues in an attempt to obtain a different result. This is inappropriate. *See Servants of Paraclete*, 204 F.3d at 2012. Accordingly, Plaintiffs have failed to demonstrate that they are entitled to reconsideration under Rule 60(b). The Court should thus deny their motion.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Plaintiffs' motion.

Respectfully submitted,

SAIZ, CHANEZ, SHERRELL + KAEMPER, P.C.

By: */s/ Denise M. Chanez – Electronically Signed*
      Brenda M. Saiz
      Denise M. Chanez
5600 Wyoming Blvd. NE, Suite 200
Albuquerque, NM 87109
(505) 340-3443
bsaiz@sclawnm.com
dchanez@sclawnm.com
*Attorneys for Joelle Catherin Cero Go, R.N.*
    *and AB Staffing Solutions*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 12, 2024, I filed the foregoing electronically through the CM/ECF system which caused all counsel of record to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

      */s/ Denise M. Chanez – Electronically Signed*
      Denise M. Chanez