## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF NENA CHARLEY,
by and through Personal Representative,
TIMOTHY CHARLEY, TIMOTHY
CHARLEY, as parent and next friend of
NILE CHARLEY, and TIMOTHY CHARLEY,
Individually,

       Plaintiffs,

vs.                                                                     Cause No. 1:22-cv-00033-JB-JFR

THE UNITED STATES OF AMERICA, ROBIN
RANELL SALES, R.N., JOELLE CATHERIN
CERO GO, R.N., AB STAFFING SOLUTIONS,
LLC, a Foreign Corporation, NEXT MEDICAL
STAFFING, a Foreign Corporation, and JOHN or
JANE DOE Corporation.

       Defendants.


### DEFENDANTS JOELLE CATHERIN CERO GO, RN AND
### AB STAFFING SOLUTIONS, LLC'S MOTION TO STRIKE
### MICHELLE HARKINS, M.D.'S AFFIDAVIT

Defendants Joelle Catherin Cero Go, RN and AB Staffing Solutions, LLC (collectively, "Defendants") move the Court to strike Michelle Harkins, M.D.'s affidavit. Dr. Harkins is a new expert, offering previously undisclosed opinions. Plaintiffs' submission of Dr. Harkins' affidavit is a direct violation of the Court's ruling that it would "not . . . grant any request that plaintiffs be allowed to get a new expert." 1/5/24 Hearing Tran., relevant portions attached as Ex. A, at 127:24-25. Plaintiffs' submission of her affidavit is also extremely prejudicial to Defendants. Plaintiffs' expert deadline passed more than one year ago and Defendants have already submitted their expert disclosures. The Court should strike this untimely and improper affidavit. Plaintiffs oppose this Motion. Defendants The United States of America, Robin Ranell Sales, RN, and Next Medical

Staffing do not oppose the motion.

## <u>INTRODUCTION</u>

This is a wrongful death case, arising out of Plaintiffs' allegations that medical providers at Gallup Indian Medical Center failed to assess, diagnose, and treat Nena Charley for hantavirus. (*See* Pls.' Firs Am. Compl. to Recover Damages for Wrongful Death and Loss of Consortium Arising from Medical Negligence ("Amended Complaint") ¶ 2, filed 10/13/22 (Doc. 63).)  In their Amended Complaint, Plaintiffs named multiple Defendants, including Nurse Joelle Catherin Cero Go and her employer, AB Staffing Solutions, LLC.  (*See* Am. Compl. ¶¶ 37, 40.)  Plaintiffs brought their medical negligence claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  (*See id.* ¶ 46 ("This action arises under . . . the Federal Tort Claims Act . . . .").)  Plaintiffs also alleged that AB Staffing Solutions, LLC negligently hired, trained, and supervised Nurse Go.  (*See id.* ¶ 42.)

Under the Court's Scheduling Order, Plaintiffs were required to disclose their expert witnesses by April 4, 2023.  (*See* Amended Scheduling Order, filed 2/8/23 (Doc. 95).)  The Court granted an extension for Plaintiffs' expert witness disclosure, allowing Plaintiffs to disclose their expert witnesses on June 23, 2023.  (*See* Order Granting Unopposed Motion to Extend Expert Disclosure and Discovery Deadlines, filed 4/26/23 (Doc. 117).)  The Court then granted another extension, making Plaintiffs' expert disclosure deadline July 21, 2023.  (*See* Doc. 142; Doc. 143.)

Plaintiffs disclosed four expert witnesses – David Glaser, M.D., Brian McDonald, Ph.D., Bruce Polsky, M.D., and Edward Shradar, R.N.  Plaintiffs proffered Dr. Glaser to offer opinions as to breaches in the standard of care on the part of Robert Leach, M.D.  (*See* Plaintiffs' Expert Witness Disclosure, Ex. 1, filed 7/21/23 (Doc. 152), attached as Ex. B.)  Dr. McDonald, an economist, offered opinions as to damage calculations, including lost earning capacity, lost household services, and value of life damages.  (*See id.*, Ex. 2.)  Dr. Polsky offered opinions

relating to causation – i.e., that, if appropriate interventions were provided during Ms. Charley's first visit to the emergency room, more likely than not, she would have survived. (*See id.*, Ex. 3.) Finally, Nurse Shradar was disclosed to offer opinions as to the standard of care for nurses treating patients in the emergency department. (*See id.*, Ex. 4.) Importantly, however, when Nurse Shradar was deposed it became clear that he had no criticisms regarding Nurse Go's care and treatment of Ms. Charley and that he had no opinions as to AB Staffing Solutions, LLC. *See* Shradar Dep., relevant portions attached as Ex. C, at 60:18-62:12, 74:18-23.

On November 7, 2023, the United States filed a motion, asking the Court to exclude Dr. Polsky's testimony based on his failure to appear at his Court-ordered deposition. (*See* Def. United States' Mot. to Exclude the Testimony of Bruce Polsky for Failure to Appear at his Court-Ordered Deposition, filed 11/7/23 (Doc. 221).) The Court heard the United States' motion on November 14, 2023. (*See* Doc. 223.) Following argument on the United States' motion, the Court granted the motion, striking Dr. Polsky as an expert witness and precluding Plaintiffs from entering Dr. Polsky's expert report into evidence. (*See* Doc. 231.)

Defendants subsequently filed a motion for summary judgment on Plaintiffs' claims against them. Defendants argued that they were entitled to summary judgment because Plaintiffs had no medical expert testimony to establish a deviation from the standard of care. Defendants also argued that they were entitled to summary judgment because Plaintiffs have no medical expert testimony to establish a causal connection between any breach in the standard of care and Plaintiffs' claimed injuries.

On January 5, 2024, the Court held a hearing on Defendants' motion, as well as the similar motions from Nurse Robin Sales, Next Medical Staffing, and the United States of America. After extensive argument, the Court stated: "I'm inclined to grant the three motions." Hearing Tran. at

127:15-16.  The Court further stated: "I'm not going to grant any request that plaintiffs be allowed to get a new expert."  *Id.* at 127:24-25.  However, the Court noted that, because it "g[a]ve permission to the plaintiff to take some discovery, do some discovery . . . [it would] let [the parties] go ahead" with the discovery.  *Id.* at 128:15-20.

Plaintiffs subsequently deposed Defendants' expert witnesses.  Plaintiffs then filed their motion for relief "based on newly discovered evidence," asserting that Defendants' experts witnesses' testimony raises "issues of material fact concerning breaches in the standard of care" by Defendants.  (Mot. at 1, 15.)  In their motion, Plaintiffs violated the Court's previous rulings by submitting an affidavit from a new expert -- Michelle Harkins, M.D., who is a pulmonologist at the University of New Mexico.  Plaintiffs' disclosure of a new expert, more than six months after the Court ruled that it would not allow Plaintiffs to obtain a new expert, is extremely untimely and highly prejudicial to Defendants.  The Court should thus strike Dr. Harkins' affidavit.

## THE COURT SHOULD STRIKE DR. HARKINS' AFFIDAVIT

The Court should strike Plaintiffs' untimely and improper disclosure of Dr. Harkins' affidavit.  Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  When a party fails to obey the Court's scheduling order, the Court may issue "any just orders," including prohibiting the disobedient party from supporting or opposing striking pleadings in whole or in part.  Fed. R. Civ. P. 16(f)(1); Fed. R. Civ. P. 37(b)(2)(iii).  Plaintiffs did not disclose Dr. Harkins until they filed their motion for relief from the Court's anticipated orders on the motions for summary judgment.  Plaintiffs' untimely and improper disclosure is exactly what the Federal Rules of Civil Procedure aim to prevent – surprise and gamesmanship.

Plaintiffs did not disclose Dr. Harkins in a timely manner pursuant to the Court's Scheduling Order. Under the Court's Scheduling Order, Plaintiffs' expert disclosure deadline was July 21, 2023. (*See* Doc. 143.) Plaintiffs submitted Dr. Harkins affidavit in July of 2024, approximately one year after their disclosure deadline. Plaintiffs' disclosure clearly violates the deadlines in the Scheduling Order. Additionally, Plaintiffs' submission of Dr. Harkins' affidavit is a direct violation of the Court's rulings. Specifically, the Court informed Plaintiffs that it would "not . . . grant any request that plaintiffs be allowed to get a new expert." 1/5/24 Hearing Tran., relevant portions attached as Ex. A, at 127:24-25.

Given Plaintiffs' untimely and improper disclosure of Dr. Harkins, and Dr. Harkins' opinions, Defendants cannot designate responsive experts for these new opinions. Defendants' expert disclosure has long since passed. This surprise and gamesmanship prejudices Defendants' ability to prepare the necessary rebuttal, including identifying and designating a responsive expert witness. Moreover, it would be manifestly unjust for the Court to allow Plaintiffs to proceed with Dr. Harkins because it would allow Plaintiffs to disregard the Court's orders and rulings – the law of the case. The Court struck Plaintiffs' causation expert because he did not make himself available for deposition. It then informed the Plaintiffs that it would not allow them to designate a new expert. Plaintiffs now seek to gain an unfair advantage over Defendants by disregarding the rulings made in Defendants' favor. The Court should thus strike Dr. Harkins' affidavit, and her new, untimely opinions.

## CONCLUSION

For the foregoing reasons, Defendants ask the Court for an order strike Dr. Harkins' new, untimely, and improperly disclosed opinions, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

SAIZ, CHANEZ, SHERRELL + KAEMPER, P.C.

By: */s/ Denise M. Chanez – Electronically Signed*
      Brenda M. Saiz
      Denise M. Chanez
5600 Wyoming Blvd. NE, Suite 200
Albuquerque, NM 87109
(505) 340-3443
bsaiz@sclawnm.com
dchanez@sclawnm.com
*Attorneys for Joelle Catherin Cero Go, R.N.*
    *and AB Staffing Solutions*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2024, I filed the foregoing electronically through the CM/ECF system which caused all counsel of record to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

      */s/ Denise M. Chanez – Electronically Signed*
      Denise M. Chanez